### GYPSY OIL CO. v. DAVIS, County Treas.

No. 18368.   Opinion Filed Nov. 27, 1928.

Rehearing Denied March 26, 1929.

James B. Diggs, William C. Liedtke, Redmond S. Cole, and C. L. Billings, for plaintiff in error.

Roy R. Carver and Howard C. Johnson, for defendant in error.

LESTER, J. The parties to this appeal appear in the same order as in the district court.

On January 16, 1925, the Gypsy Oil Company, a corporation, paid to the county treasurer of Kay county, Okla., and before the same became due and delinquent, one-half of the ad valorem taxes assessed against its property in said Kay county, Okla., for the fiscal year ending June 30, 1925. At the same time it served a written notice on the county treasurer advising such official that the company paid said items under protect and would sue to recover the same. Among these items, and the only item involved in this appeal, is the following: "3. 2 mills—General Fund—Kaw Township, $1862.54." (C.-M. 15.)

On February 13, 1925, the Gypsy Oil Company, as plaintiff, commenced an action in the district court of Kay county Okla., against Coe Davis, as county treasurer, to recover, among other alleged items, the said sum of $1,862.54.

Trial was had to the court, and the court rendered its judgment in favor of the defendant, from which judgment the plaintiff prosecutes an appeal to this court.

Plaintiff in its original petition stated and alleged that the township board of Kaw township, Kay county, Okla., had failed to file with the excise board its financial statement for the fiscal year ending June 30, 1924, and submit to said excise board an estimate of needs of said township for the fiscal year ending June 30, 1925.

An examination of the case-made, page 39, shows that the officers of said township board did, on the 23rd day of July, 1924, file with the secretary of the excise board of Kay county, a statement of its financial condition and its estimated needs for the fiscal year ending June 30, 1925. Said statement was duly signed and certified thereto by each member of the township board as being true and correct. The members of the said board also made affidavit of its correctness before a notary public.

An examination of the said document filed

with the excise board reveals that the township board reported a balance on hand for the fiscal year ending June 30, 1924, of $58; said balance being to the credit of funds for salaries and compensation of officers. No other assets were shown in said report.

The township board also set forth in its estimate of needs for the fiscal year ending June 30, 1925, seven different items in which it placed the total estimated needs at $11,-550. The excise board reduced this estimate to the sum of $10948.61, plus ten per cent., on account of delinquent taxes as provided by law.

Thereafter the excise board caused said estimate to be filed with the officer charged with the duty of placing the same on the tax rolls.

At the trial of said cause C. T. Blake was used as a witness by the plaintiff, and he testified that he was employed by the plaintiff as a tax commissioner. He further testified, in part, as follows (C.-M. 37):

"Q. Mr. Blake, did you attempt prior to the payment of the plaintiff's tax in this case to ascertain the financial condition of Owens township and Kaw township? A. No, sir. Q. Well, did you try to find out what they were? A. No, sir. * * * Q. Do you know what the condition in Owens and Kaw townships is as to their financial condition? A. No, sir."

No evidence was introduced by the plaintiff tending to show that Kaw township had any other assets than that reported by the board for the fiscal year ending June 30, 1924.

We think that, as the township board had made its report to the excise board under oath, and the excise board had accepted and approved the same and based its estimate of needs on the said report, and said estimate of needs, as approved by the excise board, was thereafter transmitted to the officer whose duty it was to spread the same on the tax rolls, that before the plaintiff could recover it must show that the township board had assets on hand for the fiscal year ending June 30, 1924, which they had failed to report.

Mechem on Public Officers, section 589, states the rule to be, as related to the presumption in favor of public officials:

"The law constantly presumes that public officers charged with the performance of official duty have not neglected the same, but have duly performed it at the proper time and in the proper manner. In the ab-sence of evidence to the contrary, this presumption will prevail, but it is not an indisputable one and may be overcome by countervailing evidence. Where the rights of the public require it, the presumption in favor of due performance is liberal, and the evidence to overthrow it must be clear."

Judgment is affirmed.

BRANSON, C. J., and HARRISON, HUNT, RILEY, and HEFNER, JJ., concur.